UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA      :

                                                                         :      1:18-cr-00907-PAC-2

   - against -      :

                                                                         :      **OPINION & ORDER**

RONALD JOHNSON,      :

          Defendant.      :

------------------------------------------------------------------X

Defendant Ronald Johnson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Suppl. Letter Mot. for Compassionate Release 1, ECF No. 57 ("C.R. Mot.").[1] The Court sentenced Johnson to 40 months' imprisonment on July 9, 2019 after he plead guilty to illegally selling firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2. Indictment 2–3, ECF No. 10; Plea Tr. 9:15–21, 11:11–12:15, ECF No. 20; Judgment 1, ECF No. 32. Johnson was incarcerated at Federal Correctional Institution ("FCI") Allenwood Low when he filed his compassionate release motion, but he has since been transferred to a halfway house.[2] Johnson's "projected release date is October 13, 2021." C.R. Mot. 1. Johnson's compassionate release motion is denied, because he has not established extraordinary and compelling reasons warranting a sentence reduction.[3]

---

[1] Johnson's wife sent an undated letter to the Court requesting Johnson's early release, which was docketed on March 16, 2021. Letter from Princesa Johnson 1, ECF No. 54. On April 13, 2021, Johnson's attorney requested permission to supplement Mrs. Johnson's letter, and the Court granted that request. Mem. Endorsement, ECF No. 56. Counsel filed his supplement, which is the compassionate release motion, on April 21, 2021.

[2] BOP, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited July 29, 2021).

[3] It is unclear what exactly Johnson is asking for. In various places, Johnson asks the Court "to convert the remainder of his sentence to supervised release," C.R. Mot. 1, "to make a modest

1

## **DISCUSSION**

**I.      Applicable Law**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c)(1)(A)(i), as amended by the First Step Act, permits the Court to reduce a defendant's term of imprisonment if three conditions are met. § 3582(c)(1)(A); *Gotti*, 433 F. Supp. 3d at 614. First, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or [wait for] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Second, the defendant must establish that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *United States v. Bush*, No. 17 Cr. 611-4, 2021 WL 3097417, at *1 (S.D.N.Y. July 21, 2021). Third, the sentence reduction must be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A); *United States v. Tucker*, No. 15-cr-95, 2021 WL 3056293, at *2 (S.D.N.Y. July 20, 2021).[4]

---

deduction of two months from Johnson's home detention eligibility date of June 15, 2021 and/or a little less than six months from his projected release date of October 13, 2021," *id.* at 5, and to "convert the remainder of Johnson's sentence to time served and grant him early release." Reply 1. The Court has the authority to reduce Johnson's sentence to time served, and to impose a term of supervised release no greater than the unserved portion of Johnson's period of incarceration, but only where the defendant has shown that extraordinary and compelling circumstances warrant that relief. § 3582(c)(1)(A). Johnson has not done so here.

[4] The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). But "[t]he Second Circuit has recently held that the Sentencing Commission's policy statement § 1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable. . . . Therefore, this Court may 'independently . . . determine what reasons, for purposes of compassionate release, are "extraordinary and compelling."'" *Tucker*, 2021 WL 3056293, at *2 (quoting *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)) (third alteration in original). The only statutory constraint on the

2

## II. Application

### A. Exhaustion

The parties dispute whether Johnson has exhausted his administrative remedies. Johnson twice asked his warden to release him to home confinement (evidently pursuant to 18 U.S.C. § 3624(c)(2)), and the warden denied those requests on June 16 and November 30, 2020. C.R. Mot. 2. Johnson appealed the November 30th denial on December 1, 2020. *Id.* However, neither request cited § 3582, and they did not request a sentence reduction or "compassionate release." *See* Gov't's Opp'n 3–4, ECF No. 58. The Government argues that this is insufficient, while Johnson argues that home confinement is a form of "early release," so a request for home confinement under another statute satisfies § 3582(c)(1)(A)'s exhaustion requirement once the warden denies that request or thirty days lapse. *See id.*; Reply 1, ECF No. 59. Assuming *arguendo* that Johnson has satisfied the exhaustion requirement, his motion nonetheless fails, because he has not established extraordinary and compelling reasons to grant him a sentence reduction. *United States v. Santiago-Figueroa*, No. 18 Cr. 618, 2021 WL 37692, at *2 (S.D.N.Y. Jan. 4, 2021); *see also United States v. Torres*, No. 17 Cr. 444, 2021 WL 1687502, at *3 (S.D.N.Y. Apr. 28, 2021) (finding that an inmate who requested from his warden a recommendation for home confinement and was denied based on his PATTERN[5] risk score had exhausted his administrative remedies for compassionate release purposes).

---

Court's discretion is that it shall not consider rehabilitation alone extraordinary and compelling. *Brooker*, 976 F.3d at 237–38.

[5] "The Federal Bureau of Prisons is responsible for assessing [inmates'] Risk of Recidivism in accordance with legislation passed under the First Step Act. The Federal Bureau of Prisons established the PATTERN assessment tool as a means of assessing ones' [sic] propensity to return to a life of crime and recidivate." C.R. Mot. Ex. D, Staff Resp. dated Dec. 4, 2020, ECF No. 57–4.

3

### B. Extraordinary and Compelling Reasons

Johnson does not argue that COVID-19 poses an inordinate threat to him in prison (and, as mentioned, he is no longer in prison). Instead, he contends that the BOP erroneously calculated his PATERN recidivism risk score as "medium" when it should have been "low," denied his first request for home confinement based on the "medium" score, and then denied his second request for home confinement by reference to the first denial, without accounting for the fact that Johnson had been assigned a "low" score in the meantime. C.R. Mot. 1–2. Johnson argues that "[b]ut for the mistakes in the Pattern Scoring analysis detailed above, which Johnson repeatedly brought to the attention of officials at FCI Allenwood [Low], Johnson would likely have been released already." *Id.* at 5. Johnson contends that these alleged errors, combined with the fact that he has "served the vast majority of his sentence" and endured harsh prison conditions due to the pandemic, are extraordinary and compelling reasons for a sentence reduction. Reply 3; *see also* C.R. Mot. 5. The Court is not persuaded.

Assuming that it is appropriate for the Court to second-guess the BOP's PATTERN scoring calculations,[6] and that Johnson correctly identified errors, the BOP's misclassification of Johnson's risk level is not an extraordinary and compelling reason to reduce his sentence. Johnson argues that if he had been correctly assigned a "low" score, he would likely have been

---

[6] As Johnson concedes, "the Court is not an appellate body tasked with reviewing the determinations of BOP." C.R. Mot. 5; *see also Woods v. Bureau of Prisons*, No. 20-115-KKC, 2020 WL 5919671, at *2 ("[W]hile 18 U.S.C. § 3624(c) authorizes the BOP to *consider* placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time. . . . [T]he BOP's placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act . . . do not apply to such decisions.") (E.D. Ky. Oct. 6, 2020). Nevertheless, the Court is free to consider all extraordinary and compelling circumstances a may raise, and the Court assumes for the sake of argument that it is appropriate to consider Johnson's contentions here.

4

released to home confinement. But PATTERN risk scores include "minimum," "low," "medium," and "high" classifications, and "the U.S. Attorney General has instructed the BOP that inmates who have anything above a minimum recidivism risk score are not to receive priority treatment for home confinement." *Torres*, 2021 WL 1687502, at *3 n.4 (cleaned up). When the warden denied Johnson's first request for release to home confinement, the BOP staff wrote Johnson that he is "not eligible for priority placement to home confinement" and that "[t]he BOP's discretion is guided by criteria listed in memoranda from the Attorney General." C.R. Mot. Ex. C, Staff Resp. dated June 16, 2020, ECF No. 57–3. Thus, the alleged errors in Johnson's PATTERN risk scoring (and the BOP's responses to his complaints concerning those errors) may not have affected the BOP's decision to deny Johnson home confinement. And even if the alleged errors caused the BOP to deny Johnson home confinement, the Court is not convinced that would constitute an extraordinary and compelling reason to grant Johnson a sentence reduction, especially where he is no longer in prison.

The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either. *See United States v. Aswat*, 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) ("The Court also recognizes that Aswat has served approximately 90 percent of his sentence. However, this alone does not present an extraordinary and compelling reason for release."); *but see United States v. Romero*, 15 Cr. 445-18, 2021 WL 1518622, at *4 (S.D.N.Y. Apr. 16, 2021). And although the pandemic has made prison conditions harsher than usual, those are circumstances that all inmates have had to endure. While the Court does not minimize those difficulties, they do not rise to the level of extraordinary and compelling. *United States v. Lewis*, No. 10-CR-392-10, 2021 WL 1873154, at *2 (S.D.N.Y. May 10, 2021); *United States v.*

5

*Mateo*, No. 17 CR 305, 2021 WL 2480171, at *2 (S.D.N.Y. June 16, 2021). Johnson is now in a halfway house, transitioning back into society. Granting Johnson a sentence reduction would not take him out of the facility that imposed the conditions he complains of, but would instead take him out of the halfway house. The purpose of the halfway house is to "provide programs that help inmates rebuild their ties to the community and reduce[] the likelihood that they will recidivate." BOP, *Completing the Transition*, https://www.bop.gov/about/RRMs.jsp (last visited July 29, 2021). The halfway house is intended to benefit Johnson, and it is appropriate for Johnson to finish serving the last few months of his sentence there.

### C. Section 3553(a) Factors

Because Johnson has not established extraordinary and compelling reasons for a sentence reduction, the Court "need not reach the § 3553(a) factors." *United States v. Morales*, No. 10-CR-392-8, 2021 WL 3038650, at *2 (S.D.N.Y. July 14, 2021).

### CONCLUSION

Johnson's motion for compassionate release is denied. The Clerk of Court is directed to close the motion at ECF number 57.

Dated: New York, New York
August ___, 2021
September 9

SO ORDERED

/s/ Paul A. Crotty

HONORABLE PAUL A. CROTTY
United States District Judge